# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Case No:  1:13cr74
                                          1:13cr89

JUSTIN ZACHARY ROSA
a/k/a "Pee-Wee,"
        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Justin Zachary Rose, in person and by counsel, Brian J. Kornbrath, appeared before me on November 13, 2013. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined Defendant intended to enter pleas of "Guilty" to Count Two of the Superseding Indictment and also to a One-Count Information. The Court determined Defendant's pleas were pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The AUSA summarized the agreement. Defendant stated the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant orally waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's

counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Justin Zachary Rosa, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned reviewed with Defendant the One-Count Information, including the elements the United States would have to prove at trial, charging him with being an unlawful drug user and addict to a controlled substance in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2). The undersigned Magistrate Judge inquired, regarding the plea to the Information, of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned next reviewed with Defendant Count Two of the Superseding Indictment, including the elements the United States would have to prove at trial, charging him with aiding and abetting in the possession with intent to distribute heroin, in violation of Title 21, United States Code,

Sections 841(a) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Two of the Superseding Indictment and in the One-Count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant was competent and understood the charges pending against him.

Defendant understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty of the charge contained in Count Two of the Superseding Indictment was imprisonment for a term of not more than twenty (20) years; a fine of not more than $1,000,000.00; both imprisonment and fine; a period of supervised release of at least three (3) years; and a mandatory special assessment of $100.00 which the Court would impose.

Defendant also understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty of the charge contained in the One-Count Information was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than three (3) years of supervised release; and understood the Court would impose a mandatory special assessment of $100.00 for the felony conviction payable at the time of sentencing.

Defendant also understood the two sentences could be imposed consecutively. He also was aware the Court could impose the costs of his incarceration and supervised release. He also understood that his sentence could be increased if he had certain prior convictions.

The Court next inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct: Did you understand from discussions that you had with Mr. Kornbrath, under 18 USC Section 3742, that you have a right to appeal your convictions and your sentences to the Fourth Circuit Court of Appeals?

Def: Yes, sir.

Ct: Did you discuss with Mr. Kornbrath and did you understand from that discussion that you may have a right to collaterally attack or challenge your sentences and how those sentences are being carried out by filing what is commonly called a habeas corpus motion under Title 28 USC section 2255?

Def: Yes, sir.

Ct: Did you understand from paragraph 13 of your written plea agreement, that you knowingly and voluntarily waive your appellate rights and your rights to attack any sentence imposed according to the parties' binding stipulation?

Def: Yes, sir.

Ct: And what that means is that if the District Judge goes along with your plea agreement, and goes along with the binding stipulation in your plea agreement then you give up your right to collaterally attack that sentence and you give up your right to directly appeal that sentence to the Fourth Circuit Court of Appeals. Is that right?

Def: Yes, sir.

Ct: I want to refer you to that specific paragraph, paragraph 6, which reads as follows:
Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree

that the actual sentence shall be at the highest end of the Sentencing Table based on the applicable total offense level and the criminal history category, as determined by the United States Sentencing Guidelines.

That's what you agreed to with Ms. Morgan. Correct, sir?

Def: Yes, sir.

Ct: And that's what is the binding sentence that you're giving up the right to directly appeal and collaterally attack in paragraph 13. Is that correct, sir?

Def: Yes, sir.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition contained in the written plea agreement.

Defendant stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on November 7, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations and the binding stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information and

Count Two of the Superseding Indictment, the undersigned Magistrate Judge would write the subject Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offenses contained in the One-Count Information and Count Two of the Superseding Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report, including the binding stipulation in paragraph 6. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement he would not be permitted to withdraw his guilty plea. On the other hand, if the District Judge refused to follow the binding stipulation, he would be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his pleas of guilty accepted.

The Court then expressly discussed with Defendant that, even though his counsel may have shown him how the guideline chart works, and, in the process, Defendant may have derived some idea of the sentencing range he may fall into, Defendant may not take counsel's showing him the chart and how it works as any guarantee that the District Judge will see it the same way and will impose what Defendant believes is a proper sentence as the actual sentence he will receive. Defendant stated he understood. The Court asked if counsel had promised Defendant a specific sentence, to which Defendant replied he had not. Further, Defendant stated that he had not taken anything counsel told him as a specific sentence he would receive.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

6

Thereupon, Defendant, Justin Zachary Rosa, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charges contained in Count Two of the Superseding Indictment and in the One-Count Information.

The Court then received the sworn testimony of City of Clarksburg Police Officer Matthew Cogar, who is assigned to the ATF Task Force, who testified he was involved in the investigation of Defendant. On March 18, 2013, he was contacted by the Harrison County Sheriff's Department regarding a traffic stop of Defendant and his co-defendant, Nikki Pierce. The officers had found a substantial amount of heroin, consisting of 330 stamps in a plastic bag, as well as a firearm. The stamps were found at the feet of Pierce in the patrol car, and the firearm was found in her purse. Later in the investigation, a controlled purchase of heroin was made from Defendant. He made a statement that he possessed heroin and a firearm during the earlier traffic stop and handed them to Pierce to hold. Further, recorded jail calls indicated that Pierce had been holding the heroin and firearm for him.

The investigation further showed that Defendant was an unlawful drug user/heroin addict. He possessed a 38 caliber 38 special. The firearm met the federal definition of a firearm, was operational, and was not manufactured within West Virginia. The heroin seized in the traffic stop field tested positive but had not been confirmed by the lab yet; however, other heroin from the investigation had been confirmed to be heroin by lab testing. Finally, the investigation showed that Defendant had a recent pattern of heroin abuse.

Defendant stated he heard, understood, and did not disagree with Officer Cogar's testimony regarding his own actions. From the testimony of Officer Cogar, he undersigned Magistrate Judge concludes the offenses charged in Count Two of the Indictment and in the One-Count Information are supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood his right to have his charges presented in an Indictment and, with respect to the one-count Information knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum penalties; Defendant made a knowing and voluntary plea of guilty to Count Two of the Superseding Indictment and to the One-Count Information; and Defendant's plea is independently supported by the testimony of Officer Cogar, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore RECOMMENDS the District Judge ACCEPT Defendant's pleas of guilty to the felony charges contained in Count Two of the Superseding Indictment and in the One-Count Information and recommends the plea agreement be accepted and he be adjudged guilty on said charge as contained in Count Two of the Superseding Indictment and in the One-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 15 day of November, 2013.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE